Joel BROWN, Plaintiff–Appellant,

v.

James H. GOMEZ, Director; William K. Haythorne, Food Manager, Defendants–Appellees.

No. 00–16612.
D.C. No. CV–96–00107–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 28, 2001.

R.App. P. 34(a)(2).

**514**

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Joel Brown, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Brown's 42 U.S.C. § 1983 action alleging prison officials' failure to provide him with adequate nutrition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994).

We affirm because the food policy is adequate, *see LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir.1993), because Gomez had no personal involvement in or responsibility for the application of the food policy, *cf. Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978), and because there is no evidence that Haythorne was deliberately indifferent, *see Farmer v. Brennan,* 511 U.S. 825, 835–40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court did not abuse its discretion by failing to impanel a grand jury or by failing to present Brown's proposed complaint to a grand jury, because pursuit of indictments and prosecutions is within

** This disposition is not appropriate for publication and may not be cited to or by the

the exclusive discretion of the United States Attorney. *See United States v. Gen. Dynamics Corp.,* 828 F.2d 1356, 1366 (9th Cir.1987); *see also* 18 U.S.C. § 3332(a).

The district court did not err in denying Brown's Freedom of Information Act ("FOIA") requests for court telephone records, because the judiciary is exempt from FOIA. *See* 5 U.S.C. § 551(1)(B).

Brown's remaining contentions lack merit.

**AFFIRMED.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.